# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CORNELIUS MARTIN, II,  )
          Petitioner,  )
     )
     ) Case No. CV411-184
     )
AL ST. LAWRENCE,[1]  )
          Respondent.  )

## REPORT AND RECOMMENDATION

Cornelius Martin, II, a pre-trial detainee held at the Chatham County Detention Center while awaiting extradition to Tallahassee, Florida,[2] has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) To the extent Martin seeks relief from confinement under § 2254, his claim is barred because he is not yet attacking "custody pursuant to the judgment of a State court." 28 U.S.C.

---

[1] While Martin names St. Lawrence along with the local district attorney, the proper respondent in a habeas corpus proceeding is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Here, the custodian is Al St. Lawrence. Accordingly, he alone is captioned as respondent. All future filings shall conform.

[2] Martin's claims concern constitutional violations arising from his interaction with Georgia courts. (Doc. 1 at 2-3.) Specifically, he complains of excessive bail and a delayed arraignment. (*Id.*)

§ 2254 (b)(1) (emphasis added); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("[s]ection 2254 . . . applies only to post-trial situations"). Consequently, the Court construes his filing as a 28 U.S.C. § 2241 petition. *Stacey*, 854 F.2d at 403 n.1 ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal.").

Martin, however has failed to satisfy the common law exhaustion requirement for § 2241 claims, and thus his petition should be dismissed. "The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973). While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. §

2254, courts have adopted such a requirement for § 2241 petitions. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas

review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id.*

Martin argues that the extradition hearing before a local judge satisfied the exhaustion process. He cites to *Ex parte Royall*, 117 U.S. 241 (1886), a case that has little bearing here. There the Court simply explained that federal circuit courts have jurisdiction under the Habeas Corpus Act of 1867 to discharge a person from state custody via writ of habeas corpus, though they need not exercise their authority until the state has first had the opportunity to correct any constitutional error. *Id.* at 246-50, 250-51. Martin also cites *Goodine v. Griffin*, 309 F. Supp. 590 (S.D. Ga. 1970). That court explicitly sidestepped the exhaustion issue, *id.* at 591, and proceeded to the merits of the petitioner's contention that he was subject to excessive bail. *Id.* That case, however, was decided long ago by a district judge in an abbreviated order that has no precedential value. *Cortright v. Thompson*, 812 F. Supp. 772, 776 (N.D. Ill. 1992) (decision of district judge not binding on other district judges in the same district). To follow it this Court would have to disregard decades of instruction from the United States Supreme Court and the

4

Eleventh Circuit Court of Appeals requiring all lower courts to respect the authority and independence of state judiciaries and to trust them to wrestle with constitutional questions before stepping in.

Because this Court lacks the authority under § 2241 to review the constitutionality of Martin's confinement prior to the exhaustion of his state court remedies, the petition should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this 20th day of July, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA